FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 29, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAYLA G., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 1:24-CV-03078-JAG <br><br> ORDER GRANTING PLAINTIFF'S MOTION |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF No. 8, 11. Attorney D. James Tree represents Kayla G. (Plaintiff); Special Assistant United States Attorney Thomas E. Chandler represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2) as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 2. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion and **DENIES** Defendant's Motion.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano, Commissioner of Social Security, is substituted as the named Defendant.

ORDER GRANTING PLAINTIFF'S MOTION . . . . - 1

## I. JURISDICTION

Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income on February 10, 2021, alleging disability beginning June 1, 2018. Tr. 17, 50, 290-02. The applications were denied initially and upon reconsideration. Tr. 116-24, 128-34. Administrative Law Judge (ALJ) Timothy Mangrum held a hearing on March 9, 2023, Tr. 36-49, and issued an unfavorable decision on October 20, 2023. Tr. 17-29. The Appeals Council denied Plaintiff's request for review on March 26, 2024. Tr. 1-6. The ALJ's October 20, 2023, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 24, 2024. ECF No. 1.

## II. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and only briefly summarized here. Plaintiff was born in 1991 and was 26 years old on the alleged disability onset date. Tr. 27. Her previous employment included work as a home attendant. *Id*.

## III. STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971), (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.  SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V. ADMINISTRATIVE DECISION

On October 20, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-29.

At *step one*, the ALJ found Plaintiff, who meets the insured status requirements of the Social Security Act through December 31, 2023, had not engaged in substantial gainful activity since the alleged onset date. Tr. 20.

At *step two*, the ALJ determined Plaintiff had the following severe impairments: anxiety; posttraumatic stress disorder (PTSD); and depression. *Id*.

At *step three*, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a full range of work at all exertional levels, with the following limitations:

> [Plaintiff] could perform simple work-related instructions tasks and decision[s] in a predictable work setting with only occasional changes in the work setting. Productivity would be reduced by 10% and absences without excuse would average one per month. She could have no interaction with the public, only incidental interaction with coworkers with no tandem tasks, and occasional interaction with supervisors as needed.

Tr. 23.

At *step four*, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 27.

At *step five*, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of router, hand packager, and cleaner II. Tr. 28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from at any time from the alleged onset date through the date of the decision. Tr. 28-29.

## VI. ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability benefits under Title II and Title XVI of the Social Security Act. The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff raises the following issues for review: (1) whether the ALJ properly evaluated the medical opinion evidence; (2) whether the ALJ conducted a proper step-two analysis; and (3) whether the ALJ properly evaluated Plaintiff's testimony. ECF No. 8 at 2.

## VII. DISCUSSION

**A.    Medical Opinions.**

Plaintiff contends the ALJ improperly evaluated the opinions of Kathryn Johnson, Ph.D.; Anna Mady, M.D.; Rosanna Jones-Thurman, Ph.D.; Tesa Linstad, ARNP; and M. Gabriela Mondragon, LICSW. ECF No. 8 at 4-14. For claims filed on or after March 27, 2017, pursuant to the applicable regulations, the ALJ does not give any specific evidentiary weight to medical opinions or prior administrative medical findings. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b).

The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding

of Social Security's disability program). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may explain how the ALJ considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The Ninth Circuit has addressed the issue of whether the regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the 2017 regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790,

ORDER GRANTING PLAINTIFF'S MOTION . . . - 6

792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id*. at 792.

      1.     ***<u>Dr. Johnson.</u>***

In September 2021, Dr. Johnson performed a psychological diagnostic interview and report on behalf of the Division of Disability Determination Services (DDDS) and rendered her opinion on Plaintiff's level of functioning. Tr. 876-82. Dr. Johnson diagnosed Plaintiff with schizoaffective disorder, depressive type, and PTSD. Tr. 880. Dr. Johnson opined Plaintiff "would be unable to make it through a typical workday without significant disruption from her psychological symptoms, most notably hallucinations." *Id*. She opined Plaintiff "should be able to understand basic instruction, though she would have difficulty with more complex tasks." *Id*. She opined Plaintiff's "symptoms would cause a distraction, impacting her focus and ability to take in new information," and that Plaintiff's trauma-based avoidance and hypervigilance would negatively impact her ability to communicate and interact effectively with the public. *Id*.

The ALJ found Dr. Johnson's opinion partially persuasive. Tr. 26. The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive the medical opinion is, and the more consistent an opinion is with the evidence from other sources, the more persuasive the opinion is. 20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). Here, the ALJ discounted Dr. Johnson's opinion because it was "not supported by limited review of records and what appears to be a reliance on subjective descriptions that are not entirely consistent with reports in treatment records." Tr. 26. Dr. Johnson explained, however, that she based her opinion on her own evaluation as well as review of several mental health records, including a psychiatric intake and psychiatric progress notes. Tr. 876. Dr. Johnson performed the evaluation at the

request of DDDS, and conducted a clinical interview and history, as well as mental status exam. *Id*. Other treatment records show similar findings, including diagnosis of schizoaffective disorder, possible dissociative symptoms and/or auditory and visual hallucinations. *See, e.g.*, Tr. 473-78. Further, the Ninth Circuit in *Ghanim v. Colvin* contemplated that medical sources rely on self-reports to varying degrees and held that an ALJ may reject a medical source's opinion as based on unreliable self-reports only when the medical source relied "more heavily on a patient's self-reports than on clinical observations." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). On this record, without further analysis, the ALJ's discounting of Dr. Johnson's opinion because it was "not supported by limited review of records and what appears to be a reliance on subjective descriptions that are not entirely consistent with reports in treatment records" is not supported by substantial evidence.

  The ALJ found Dr. Johnson's opinion partially persuasive "because it was generally supported by mental status examination that does not show disabling limitations." Tr. 26. The ALJ briefly noted that Dr. Johnson "limited Plaintiff to basic but not complex tasks with some impact on focus, negative impact on communicating and interacting effectively with the public, and inability to perform mental calculation during her exam." *Id*. This is only a portion of Dr. Johnson's findings, however, as she also opined that Plaintiff would be unable make it through a typical workday without significant disruption from her psychological symptoms. Tr. 880. While the ALJ found the opinion partially persuasive, the ALJ failed to explain what portions of the opinion were persuasive (or not) or to include a potentially disabling limitation in the RFC or to provide rationale for formulating Plaintiff's RFC without the higher level of restriction. Accordingly, the ALJ erred, and the error is harmful because a reasonable ALJ could have

reached a different disability determination had the additional limitations been considered.

Further, the ALJ is required to set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). Here, while the ALJ concluded that the mental status exam "did not show disabling limitations," the ALJ provided no analysis to support the ALJ's interpretation of the mental status exam, which also contained abnormal findings the ALJ did not discuss. *Id*. Dr. Johnson observed, for example, that Plaintiff had an anxious mood and affect, she had abnormal short-term memory upon exam, and Dr. Johnson noted Plaintiff's history of abnormal thought content in that she "experience[d] frequent visual and auditory hallucinations." Tr. 879-80. Without further analysis, on this record the ALJ's conclusions are not supported by substantial evidence.

Upon remand the ALJ will reconsider Dr. Johnson's opinion and incorporate the limitations in the opinion into the RFC or give reasons supported by substantial evidence to reject the opinion.

  **2.**   **<u>Other Opinions.</u>**

Plaintiff contends the ALJ also erred in the assessing the opinions of Anna Mady, M.D.; Rosanna Jones-Thurman, Ph.D.; Tesa Linstad, ARNP; and M. Gabriela Mondragon, LICSW. ECF No. 8 at 4-14.

As the claim is remanded for the ALJ's errors in assessing Dr. Johnson's opinion, *supra*, and as the ALJ provided similarly cursory findings for the other opinion evidence, upon remand the ALJ will reassess all medical opinion evidence with the assistance of medical expert testimony. The ALJ will set forth an analysis of the consistency and supportability of all medical opinions, as required by the regulations. The ALJ is to incorporate the limitations in the opinions into the RFC or give reasons supported by substantial evidence to reject the opinions.

**B.     Subjective Complaints and Step Two.**

Plaintiff contends the ALJ also failed to properly assess Plaintiff's symptom complaints and failed to conduct an adequate step-two analysis. ECF No. 8 at 14-20. As the case is remanded for reconsideration of all medical opinion evidence with the assistance of medical expert testimony, the Court declines to reach these additional issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

Upon remand, the ALJ will carefully reassess Plaintiff's symptom claims. The ALJ is also instructed to reperform the sequential analysis, including reconsidering the step-two analysis with the assistance of medical expert testimony.

## VIII.   CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and not free of harmful legal error. The Court finds further proceedings are necessary to obtain medical expert testimony, as well as to resolve conflicts in the record, including conflicting medical opinions.

On remand, the ALJ will obtain all updated medical records and reevaluate the medical evidence of record with the assistance of medical expert testimony.

The ALJ is instructed to perform the sequential analysis anew, making new findings on each of the five steps of the sequential evaluation process, to reassess all medical opinion evidence using the factors required by the regulations, and to reassess Plaintiff's symptom claims, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion to remand, **ECF No. 8**, is **GRANTED**.

2. Defendant's Motion to affirm, **ECF No. 11**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

5. The District Court Executive is directed to update the docket sheet to reflect the substitution of Frank Bisignano as Defendant and to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED September 29, 2025.

_____
JAMES A. GOEKE
STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 11